USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 10/2/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CITY PENSION FUND FOR FIREFIGHTERS AND POLICE OFFICERS IN THE CITY OF TAMPA,

Plaintiff,

-against-

BADGER METER, INC., KENNETH C. BOCKHORST, ROBERT A. WROCKLAGE, and DANIEL R. WELTZIEN,

Defendants.

26-CV-4660 (VEC)

MEMORANDUM OPINION AND ORDER

VALERIE CAPRONI, United States District Judge:

This case was initiated with the filing of a class action complaint against Badger Meter, Inc. ("Badger" or the "Company"), and various of its officers (the "Individual Defendants") on June 2, 2026. *See* Compl., Dkt. 1. On August 3, 2026, six sets of movants filed for appointment as Lead Plaintiff, including the City Pension Fund for Firefighters and Police Officers in the City of Tampa ("Tampa Fund"). *See* Dkts. 17, 21, 24, 27, 31, 34. On August 13, 2026, the Tampa Fund was appointed Lead Plaintiff in this action and Bleichmar Fonti & Auld LLP and Motley Rice LLC were approved as co-lead counsel for the putative class. *See* Dkt. 45. Defendants have since moved to transfer this action to the United States District Court for the Eastern District of Wisconsin. *See* Dkt. 49. Lead Plaintiff does not oppose Defendants' transfer request. *See id.*

Section 1404(a) provides that for "the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have

consented." 28 U.S.C. § 1404(a). Courts in this district apply a two-part inquiry under Section 1404(a). *Royal & Sun All. Ins., PLC v. Nippon Express USA, Inc.*, 202 F. Supp. 3d 399, 405 (S.D.N.Y. 2016). First, the movant must establish that the action could have been brought in the proposed transferee forum. *Id.* Second, the movant must establish that the balance of interests favors transfer. *Id.* Both factors are satisfied here.

Badger Meter is a Wisconsin corporation with its principal executive offices in Milwaukee, Wisconsin. *See* Compl. ¶ 18; Bergum Decl., Dkt. 52 ¶ 3. The Individual Defendants all work at the Company's headquarters, and the alleged conduct stems from their roles as Badger officers working from the Company's Milwaukee base. *See* Compl. ¶¶ 19–21; Bergum Decl. ¶¶ 3–7. Each Individual Defendants also resides in Wisconsin. *See* Bergum Decl. ¶¶ 4–7. Plainly, Badger and the Individual Defendants are subject to personal jurisdiction in Wisconsin.

The balance of interests also favors transfer. Courts typically consider nine non-exclusive factors in determining whether transfer is appropriate:

> (1) the plaintiffs choice of forum, (2) the convenience of witnesses, (3) the location of relevant documents and relative ease of access to sources of proof, (4) the convenience of parties, (5) the locus of operative facts, (6) the availability of process to compel the attendance of unwilling witnesses, (7) the relative means of the parties, (8) the comparative familiarity of each district with the governing law, and (9) judicial econom[y] and the interests of justice.

*McGraw-Hill Cos. Inc. v. Jones*, No. 12-CV-7085 (AJN), 2014 WL 988607, at *5 (S.D.N.Y. Mar. 12, 2014); *N.Y. Marine & Gen. Ins. Co. v. Lafarge N. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010). "[N]o one factor is dispositive and the relative weight of each factor depends on the particular circumstances of the case." *Smart Skins LLC v. Microsoft Corp.*, No. 14-CV-10149 (CM), 2015 WL 1499843, at *4 (S.D.N.Y. Mar. 27, 2015). Rather, "[t]he core determination under [Section] 1404(a) is the center of gravity of the litigation." *NBA Properties, Inc. v.*

*Salvino, Inc.*, No. 99-CV-11799 (AGS), 2000 WL 323257, at *3 (S.D.N.Y. Mar. 27, 2000) (quoting *Bordiga v. Directors Guild of Am.*, 159 F.R.D. 457, 462 (S.D.N.Y. 1995)).

Having considered all the factors enumerated above, transfer pursuant to Section 1404(a) is appropriate. As discussed, Badger is principally located in Milwaukee and each of the Individual Defendants reside in Wisconsin. It appears that the events and statements giving rise to the securities claims in this action primarily occurred in the Eastern District of Wisconsin. *See* Def. Br., Dkt. 50 at 5 ("The Complaint alleges violations of the Securities Exchange Act of 1934 in connection with Badger Meter's internal sales trends, backlog, project timing, demand conditions, forecasting, and financial reporting," "matters [which] were managed and analyzed from Milwaukee, and the public statements challenged in the Complaint were prepared and issued from there."); *see also In re Collins & Aikman Corp. Sec. Litig.*, 438 F. Supp. 2d 392, 396 (S.D.N.Y. 2006) ("[I]t is well-settled that '[m]isrepresentations are deemed to occur in the district where the misrepresentations are issued or the truth is withheld[.]'"). Thus, it is reasonable to expect that relevant documents and witnesses would also be located in the Eastern District of Wisconsin. *See D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006) ("District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis.")

Moreover, while a plaintiff's choice of forum is ordinarily entitled to deference, this factor has less weight when, as here, the Lead Plaintiff is not a resident of the original forum. *See Royal & Sun All. Ins.*, 202 F. Supp. 3d at 410. The degree of deference to a plaintiff's choice of forum depends on, among other things, the plaintiff's residence in relation to the chosen forum, the availability of witnesses or evidence in the forum district, and other reasons relating to convenience or expense. *Iragorri v. United Techs. Corp.*, 274 F.3d 65, 71–72 (2d Cir. 2001).

As far as the Court can tell, Lead Plaintiff has no direct connection to this forum,[1] and in any event, does not oppose Defendants' request to transfer this case.

Accordingly, the Court concludes that convenience and justice would be best served if this case proceeds in the Eastern District of Wisconsin. The Court respectfully directs the Clerk of Court to TRANSFER this action to the United States District Court for the Eastern District of Wisconsin, *see* 28 U.S.C. §§ 1404(a), 1406(a), and to CLOSE the case. Because Lead Plaintiff does not oppose Defendants' transfer request, the Court hereby waives the seven-day waiting period specified in Local Civil Rule 83.1 and directs the Clerk to effectuate transfer immediately.

**SO ORDERED.**

**Date: October 2, 2026**
**New York, New York**

**VALERIE CAPRONI**
**United States District Judge**

[1] While Lead Plaintiff is entitled to its choice of counsel, the fact that Lead Plaintiff's counsel is located in New York cannot dictate venue at Defendants' expense, nor does it outweigh the other factors that support transfer.